UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLERGAN, INC.,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES FOOD & DRUG ADMINISTRATION; DR. MARGARET HAMBURG, Commissioner of the United States Food and Drug Administration; and KATHLEEN SEBELIUS, Secretary of the Untied States Department of Health & Human Services,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:09-cv-01879 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION OF THE NATIONAL SPASMODIC TORTICOLLIS ASSOCIATION, THE NATIONAL SPASMODIC DYSPHONIA ASSOCIATION, ALLIED EDUCATIONAL FOUNDATION, AND WASHINGTON LEGAL FOUNDATION FOR LEAVE TO FILE AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The Washington Legal Foundation, the National Spasmodic Torticollis Association, the National Spasmodic Dysphonia Association, and Allied Education Foundation, by and through their undersigned counsel, hereby move this Court for leave to file the accompanying brief as *amici curiae* in support of Plaintiff's Complaint and Motion For Preliminary Injunction. A copy of the proposed brief is attached. Pursuant to Local Civil Rule 7(c), a proposed order granting leave to file is also attached. In support of this motion, WLF, NSTA, NSDA, and AEF state as follows:

1.	Pursuant to Local Civil Rule 7(m), counsel for WLF, NSTA, NSDA, and AEF have discussed this Motion with counsel for all parties. Allergan's counsel has consented to this

filing. Counsel for Defendants (hereinafter, "the United States") has authorized us to state that they do not oppose this motion.

2.  The National Spasmodic Torticollis Association (NSTA) is a non-profit organization helping people who suffer from spasmodic torticollis (ST), also referred to as cervical dystonia (CD) – a painful and debilitating movement disorder involving the neck that affects 3 in 10,000 people. NSTA provides patient services, including a support line, quarterly news magazines, an annual symposium, as well as a network of support groups and patient contact volunteers, public education efforts, patient advocacy efforts, and research.

3.  The National Spasmodic Dysphonia Association (NSDA) is a non-profit organization dedicated to advancing medical research into the causes of and treatments for spasmodic dysphonia, a neurological voice disorder that causes the vocal cord to spasm. NSDA promotes physician and public awareness of the disorder, and provides support for affected persons and their families.

4.  The Allied Educational Foundation (AEF) is a non-profit charitable foundation based in Englewood, New Jersey. Founded in 1964, AEF is dedicated to promoting education in diverse areas of study, such as law and public policy, and has appeared as *amicus curiae* on a number of occasions. AEF has filed briefs supporting the First Amendment rights of commercial entities to speak truthfully on matters of public importance.

5.  The Washington Legal Foundation (WLF) is a non-profit public interest law and policy center with supporters in all 50 states. WLF devotes a substantial portion of its resources to defending and promoting free enterprise, individual rights, business civil rights, and a limited and accountable government. It has appeared in numerous federal and state courts in cases raising issues related to those presented here. Of particular relevance, WLF brought the first

successful challenge to the constitutionality of Food and Drug Administration (FDA) restrictions on scientific speech regarding lawful, off-label uses of FDA-approved products. *See Wash. Legal Found. v. Friedman*, 13 F. Supp. 2d 51 (D.D.C. 1998), *appeal dism'd sub nom. Wash. Legal Found. v. Henney*, 202 F. 3d 331 (D.C. Cir. 2000).

6. In this case, Allergan seeks declaratory and injunctive relief aimed at the government's restrictions on speech by prescription drug manufacturers to health care providers regarding "off-label" uses of approved products. The brief that *amici* propose to file provides important background information about the lawfulness, medical necessity, and commonplace nature of off-label uses; and makes an argument, which is not duplicative of Allergan's, about why truthful, accurate, nonmisleading speech about such uses is protected by the First Amendment.

7. Traditionally, courts have encouraged *amicus* briefs that "'focus the court's attention on the broader implications of various possible rulings.'" Robert L. Stern et al., *Supreme Court Practice* § 13.13, at 562 (7th ed. 1993). *Amici curiae* play a "classic role" in litigation by "supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (*per curiam*). Thus, motions seeking leave to participate as *amicus* generally are granted when the amicus brief would provide "timely and useful information," or where the movant has demonstrated a special interest in the litigation and familiarity and knowledge of the issues that could assist the court in the resolution of the case. *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal quotation marks omitted).

8. The attached submission amply meets this standard. It is timely, as it is submitted well in advance of the United States' December 11 deadline to oppose Allergan's motion for a

preliminary injunction, and far in advance of the March oral argument. Accordingly, this submission will not slow the Court's consideration of these important issues, and plainly the United States will not be prejudiced by this submission, as they do not oppose it. More fundamentally, the information contained in the memorandum is germane to the issues before the Court, and it does not duplicate Allergan's submission. Finally, the undersigned *amici* have a special interest in and familiarity with the issues before the Court. Through the *WLF* litigation, the Washington Legal Foundation is uniquely familiar with the First Amendment issues before the Court. The National Spasmodic Dysphonia Association has a special interest in this litigation because off-label use of Allergan's Botox has been used clinically to treat spasmodic dysphonia since 1984 and is considered the standard of care. This litigation also holds special interest for the National Spasmodic Torticollis Association. Botox is currently the most effective treatment for spasmodic torticollis, and this use of Botox was off-label until December 2000. It is not uncommon for people with spasmodic torticollis to have other forms of dystonia as well, such as spasmodic dysphonia. As noted above, FDA has not approved the use of Botox for this condition. Both NSDA and NTSA support the dissemination of truthful, accurate, nonmisleading information about off-label uses of prescription drugs to ensure safe and effective medical treatment in a wide variety of areas. AEF has an interest in facilitating the dissemination of truthful, accurate, and nonmisleading information relating to matters of public importance.

**WHEREFORE**, the undersigned respectfully request that this Court grant leave to file the attached Brief of the National Spasmodic Torticollis Association, the National Spasmodic Dysphonia Association, Allied Educational Foundation, and Washington Legal Foundation as *Amici Curiae* in Support of Plaintiff's Motion for Preliminary Injunction.

4

Dated: November 19, 2009    Respectfully submitted,

       /s/ Richard A. Samp
Daniel J. Popeo
Richard A. Samp (DC Bar No. 367194)
Washington Legal Foundation
2009 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 588-0302
(202) 588-0386 (fax)
rsamp@wlf.org
*Attorneys for Amici Curiae Washington Legal Foundation, National Spasmodic Torticollis Association, National Spasmodic Dysphonia Association, and Allied Educational Foundation*


Paul E. Kalb, M.D. (DC Bar No. 436021)
Bradford A. Berenson (DC Bar No. 441981)
Coleen Klasmeier (DC Bar No. 465050)
Eric A. Shumsky (DC Bar No. 477926)
SIDLEY AUSTIN LLP
150 K Street, N.W.
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)
eshumsky@sidley.com

*Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2009, I caused a true and correct copy of the foregoing *Unopposed Motion of the National Spasmodic Torticollis Association, the National Spasmodic Dysphonia Association, Allied Educational Foundation, and Washington Legal Foundation For Leave to File as Amici Curiae in Support of Plaintiff's Motion for Preliminary Injunction*, as well as the accompanying *Brief of the National Spasmodic Torticollis Association, the National Spasmodic Dysphonia Association, Allied Educational Foundation, and Washington Legal Foundation as Amici Curiae in Support of Plaintiff's Motion for Preliminary Injunction*, and the accompanying *Proposed Order*, to be filed with the Clerk of this Court by emailing the same to dcd_cmecf@dcd.uscourts.gov. *See* D.D.C. Civ. Filing Procedures §§ II(F)(2)(i), II(F)(3)(a)(1). I further certify that I caused a true and correct copy of the foregoing *Unopposed Motion for Leave to File as Amici Curiae*, as well as the accompanying *Brief as Amici Curiae in Support of Plaintiff's Motion for Preliminary Injunction*, and the accompanying *Proposed Order*, to be served by electronic and first-class mail on the following counsel at the following addresses:

| | |
|---|---|
| Paul Clement | Gerald Cooper Kell |
| KING & SPALDING, LLP | U.S. DEPARTMENT OF JUSTICE |
| 1700 Pennsylvania Avenue, NW | 1331 Pennsylvania Ave, NW |
| Washington, DC  20001 | Washington, DC  20004 |
| pclement@kslaw.com | gerald.kell@usdoj.gov |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

/s/ Richard A. Samp